# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHNNIE LEE TUCKER,**

           **Petitioner,**

           v.                                              Case No. 20-CV-406

**WILLIAM J. POLLARD,**

           **Respondent.**

## ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

Johnnie Lee Tucker, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus.

Rule 4 of the Rules Governing Section 2254 Cases states:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A jury convicted Tucker of first-degree intentional homicide and possessing a firearm after having been convicted of a felony. (ECF No. 1 at 2.) On September 26, 2016, he was sentenced to life in prison with eligibility for extended supervision after 25 years. (ECF No. 1 at 2.) Tucker appealed, and on August 28, 2018, the Wisconsin Court

of Appeals affirmed his conviction. (ECF No. 1 at 3.) The Wisconsin Supreme Court denied his petition for review on December 13, 2018. (ECF No. 1 at 3.)

Tucker argues that his appellate counsel was ineffective. At trial, a detective testified that a still image of Tucker from video surveillance depicted "the shooter." On appeal, Tucker's attorney argued that this was an improper lay opinion. In Tucker's view, this was the wrong argument to make. Instead, the argument should have been that this testimony was on the ultimate question in dispute and usurped the role of the jury. (ECF No. 1 at 7.) He also argues that his appellate counsel erred by failing to argue that the evidence was insufficient to sustain his conviction. Tucker also contends that appellate counsel was ineffective for not alleging his trial counsel was ineffective for failing to raise the proper objection to the detective's testimony, for his handling of the video evidence, for advising Tucker to not testify, and for failing to call a security guard as a witness.

Tucker has not exhausted his state remedies with respect to any of these claims. Rather, according to the Milwaukee County Circuit Court docket, he filed a motion for post-conviction relief in that court on March 18, 2020. *State v. Tucker*, Milwaukee Cnty. Cir. Ct. Case No. 2015CF005039 (available at https://wcca.wicourts.gov/). The court denied the motion on March 23, 2020, and Tucker appealed. The case is currently pending in the court of appeals. *See* Wis. Ct. App. Case No. 2020AP000803 (available at https://wscca.wicourts.gov/).

2

Case 2:20-cv-00406-WCG    Filed 05/08/20    Page 2 of 6    Document 7

Thus, Tucker asks that the court stay these proceedings and hold his petition in abeyance while he exhausts his claims in state court. (ECF No. 1 at 10.) However, Tucker's petition may already be untimely. He says that the Wisconsin Supreme Court denied his petition for review on December 13, 2018. (ECF No. 1 at 3.) The order is actually dated December 12, 2018. (ECF No. 1-1 at 1.) Tucker's conviction became final 90 days later—on March 12, 2019—when the time for seeking review by the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002)); Sup. Ct. R. 13. Tucker had one year from that date in which to file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

Tucker's petition is dated March 12, 2020 (ECF No. 1 at 16, 17) and he says the "petition was placed in institution's possession on the date on the petition" (ECF No. 1 at 13.) If true, the petition would be timely, notwithstanding the fact that the court did not receive it via electronic filing from the prison until March 16, 2020. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999). But there are reasons to doubt that Tucker actually placed the petition in the institution's possession on March 12, 2020.

Tucker includes with his petition a copy of the motion for postconviction relief he filed with the circuit court. (ECF No. 1-2.) Any properly filed motion for post-conviction relief stops the running of the clock for filing a habeas petition. 28 U.S.C. § 2244(d)(2). In his petition he states he mailed the motion on March 4, 2020. (ECF No. 1 at 10.) If true,

the one-year clock likely would have stopped on that date. *See Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012) But the motion is dated March 16, 2020 (ECF No. 1-2 at 20), which raises the question of how it could have been submitted along with his habeas petition to jail officials on March 12, as Tucker claims. Taken together, these facts support the conclusion that, despite the date on Tucker's petition, he actually provided it to prison staff on March 16, 2020. If true (and he did not mail his postconviction motion in state court on March 4, 2020, as he alleges), his petition would be untimely.

But because timeliness is an affirmative defenses that the respondent may waive, *see Wood v. Milyard*, 132 S. Ct. 1826, 1835 (2012) (addressing waiver of timeliness defense) and 28 U.S.C. § 2254(b)(3), and which petitioners may evade under certain circumstances, *see, e.g.*, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Schlup v. Delo*, 513 U.S. 298, 315 (1995), it is often inappropriate to resolve these questions at the Rule 4 stage, *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) ("Summary dismissal is appropriate only in those cases where the pleadings indicate that petitioner can prove no set of facts to support a claim entitling him to relief."); *see also Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004) ("Although the petition appeared to be untimely, it is difficult to conceive of a situation where a claim of equitable tolling would be clear on the face of the petition."). It is sufficient that, accepting Tucker's assertions as true, the petition appears timely.

4

Case 2:20-cv-00406-WCG   Filed 05/08/20   Page 4 of 6   Document 7

Ordinarily, if a person files a petition for a writ of habeas corpus before he exhausts his state court remedies the court will dismiss the petition without prejudice. However, if Tucker did not file his motion for post-conviction relief until March 16, 2020, as it appears from his filings, if the court were to dismiss the petition at this stage Tucker would be barred from ever refiling a federal habeas petition. The one-year clock did not stop running until March 16, 2020, when Tucker filed a motion for post-conviction relief in the state court; the clock did not stop with the filing of his federal petition. *Duncan v. Walker*, 533 U.S. 167, 181, 121 S. Ct. 2120, 2129, 150 L.Ed.2d 251, 264 (2001). Thus, even if Tucker were to file his renewed petition on the same day that he exhausted his remedies in state court, the petition would still be four days too late.

Under the stay and abeyance procedure approved by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), the district court stays the proceedings on a federal habeas petition and holds the petition in abeyance while the petitioner exhausts his remedies in state court. This preserves the petitioner's ability to seek habeas relief but affords the state courts the first opportunity to remedy any constitutional errors in the petitioner's conviction. But because the stay and abeyance procedure would undermine the finality and expediency that Congress sought when it passed the Antiterrorism and Effective Death Penalty Act, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. 269, 277. "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to

exhaust his claims first in state court." *Id.* Moreover, the claims must be plausibly meritorious. *Id.*

Tucker explains this his delay was attributable with difficulties both in retaining counsel and in finding another inmate to help him. The court finds this explanation to be sufficient. Moreover, the court finds that Tucker's claims are plausibly meritorious and his complaint is not otherwise subject to dismissal pursuant to Rule 4.

**IT IS THEREFORE ORDERED** that Tucker's request for stay and abeyance is **granted**. The proceedings are stayed and Tucker's petition is held in abeyance. Not later than **28 days** after the exhaustion of his state court remedies or the expiration of time for seeking further review Tucker shall notify this court that the state court proceedings are completed and that this court's stay may be lifted. **<u>Failure to do so may result in the court dismissing this action</u>**. The Clerk shall close this case for statistical purposes.

Dated at Milwaukee, Wisconsin this 8th day of May, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge